IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–03193-NRN

DEBORAH LAUFER, an individual,

    Plaintiff,

v.

JOSAND ENTERPRISES LLC,

    Defendant.

___

# MOTION TO DISMISS
___

Defendant Josand Enterprises, LLC, by its counsel, Ruebel & Quillen, LLC, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) moves the Court for an Order dismissing the Complaint in this matter for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. In support states as follows:

## I. INTRODUCTION

Plaintiff Deborah Laufer has blanketed multiple states with hundreds of identical lawsuits against hotels claiming that the booking information provided for each individual hotel through third-party controlled websites was insufficient and in violation of the Americans with Disabilities Act ("ADA"). Plaintiff has filed at least 557 lawsuits in sixteen different states, including the District of Columbia. *See*, p. 10 of Order Dismissing Complaint in *Laufer v. Naranda Hotels, LLC*, SAG-20-2136 (D.Mar. December 16, 2020), attached as **Exhibit A.** The number of lawsuits filed belies her allegation that she may visit each of these hundreds of hotels at some time in the future or that she has suffered an injury in fact. Plaintiff lacks standing to maintain this lawsuit against Josand Enterprises, LLC.

1

Moreover, Plaintiff's allegations of discrimination relate to the content on the third-party websites (www.expedia.com, www.hotels.com, www.bookings.com, www.cheaptickets.com, www.travelocity.com, and www.hotelbookety.com) that are controlled and operated by separate companies, not by Defendant Josand Enterprises, LLC. Plaintiff fails to state a claim upon which relief can be granted against Defendant Josand Enterprises, LLC.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint can be dismissed in its entirety for lack of subject matter jurisdiction. Standing to sue under Article III, §2 of the U.S. Constitution is limited to the resolution of "cases" and "controversies" and requires: "(1) First, the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical,; (2) Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court,; (3) Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)(internal citations omitted).

Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F&S Const. Co. v. Jenson*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* Where "a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

The legal sufficiency of a complaint is a question of law and failure to state a claim upon which relief supports can be granted under Federal Rule of Civil Procedure 12(b)(6) supports dismissal. Although case law states that a court must not look beyond the four corners of the

complaint, accepting as true all well-pleaded allegations, *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002), a court need not accept conclusory allegations as true. *Southern Disposal v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998).

### III.     UNDISPUTED FACTS

1. Plaintiff Deborah Laufer is a resident of Pascoe County, Florida. Plaintiff is bound to ambulate in a wheelchair. *See*, ¶1 of Complaint.

2. Defendant Josand Enterprises, LLC owns the real estate located at 260 E. Pagosa Street, Pagosa Springs, Colorado, 81147 in Archeluta County Colorado ("Property"). *See*, Dkt. 1, ¶3 of Complaint.

3. Plaintiff Deborah Laufer has never visited the Property in person. *See*, Dkt. 1, ¶11 of Complaint.

4. Plaintiff Deborah Laufer has never telephoned the Property. *See*, Dkt. 1, ¶11 of Complaint.

5. Plaintiff Deborah Laufer did not access any website actually controlled or operated by Defendant Josand Enterprises, LLC. *See*, Dkt. 1, ¶¶10-11 of Complaint.

6. Plaintiff Deborah Laufer accessed the following websites that are not controlled or operated by Defendant Josand Enterprises, LLC:  www.expedia.com, www.hotels.com, www.bookings.com, www.cheaptickets.com, www.travelocity.com, and www.hotelbookety.com . *See*, Dkt. 1, ¶11 of Complaint.

7. Plaintiff's claims arise from her allegations that the online registration systems accessed through the third-party websites do not meet the requirements of regulation 28 C.F.R. §36.302(e) of the Americans with Disabilities Act ("ADA") and C.R.S. §24-34-301 of the Colorado Anti-Discrimination Act ("CADA").

8. Plaintiff seeks injunctive relief and monetary damages in the form of statutory fees, attorneys' fees and costs.

## IV. ARGUMENT

**A. Plaintiff has failed to demonstrate any of the three requirements for standing to bring this lawsuit.**

Plaintiff has not suffered an "injury in fact" from the information provided by travel booking websites not controlled or operated by Defendant Josand Enterprises, LLC, nor will a favorable decision in this case redress the information provided on third-party websites. Accordingly, she has no standing to bring the complaint. Standing to sue under Article III, §2 of the U.S. Constitution requires the satisfaction of three elements: "(1) First, the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical,; (2) Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court,; (3) Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)(internal citations omitted). Plaintiff has not satisfied any of the three standing elements and the Complaint must be dismissed.

**(1) Plaintiff has not alleged a concrete and particularized "injury in fact" that is an actual or imminent threat of harm.**

This case is at the pleading stage, and therefore Plaintiff must "clearly allege facts demonstrating each element" to establish standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *quoting*, *Warth v. Seldin*, 422 U.S. 490, 518 (1975). Plaintiff has not clearly alleged facts that demonstrate an injury in fact that is "concrete and particularized" and "actual or imminent". *Lujan*, 504 U.S. at 560-61. In addition, when a plaintiff seeks prospective relief, the "injury in fact"

element requires that "the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). "A claimed injury that is contingent upon speculation or conjecture is beyond the bounds of a federal court's jurisdiction." *Id*. at 1284. Speculative, "someday intentions" do not support standing. *Id*.

Specifically, at ¶11 and ¶12 of the Complaint, Dkt. 1, Plaintiff alleges:

11. Prior to the commencement of this lawsuit, Plaintiff visited the ORS (online reservations system) for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived [of] the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. …

12. In the near future, Plaintiff intends to revisit Defendant's ORS in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the system to reserve a guest room or otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

These vague allegations do not constitute a "concrete and particularized" injury in fact. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1547, *citing*, *Lujan*, 504 U.S. at 560 n. 1. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 136 S.Ct. at 1548. The harm cannot be abstract or conjectural.

Plaintiff has not alleged a particularized injury in fact that has affected her in a personal way because she has never stayed at the hotel and never intended to stay at the hotel located on the Property. Plaintiff only alleges that she intends to revisit the online reservations system in order to test it for compliance. Plaintiff specifically uses the term "and/or" in her ¶12 allegation to describe that her intention <u>may</u> or <u>may not</u> be to actually utilize the online reservations system to reserve a guest room at the Property. There is no connection shown between Plaintiff and the Property that

5

transforms the generalized harm of misinformation on a website into a particularized one. *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 655 (4th Cir. 2019).

Even assuming, *arguendo*, that the online reservations system did not comply with the requirements of the ADA, such a procedural violation did not and will not result in actual harm to Plaintiff because she may never reserve a guest room at the Property. "Not all inaccuracies cause harm or present any material risk of harm." *Spokeo*, 136 S. Ct. at 1550 (Bare allegations that the consumer reporting agency disseminated information in violation of the Fair Credit Reporting Act of 1970 did not satisfy Article III standing requirements because the violation of a procedural requirement may result in no harm).

There are no facts alleged in the Complaint indicating that Plaintiff has ever traveled to Pagosa Springs, Colorado from her home in Florida or intends to reserve a guest room other than speculation. The geographic distance between the challenged conduct and the injury can reduce the personal impact of the injury and render it too abstract to confer standing. *Allen v. Wright*, 468 U.S. 737, 756 (1984); *Brito v. Oak Shopping, LLC*, 1:18-cv-02154-DDD-KMT (D.Colo., March 23, 2020) (Florida plaintiff who had visited Colorado store once, lacked standing to sue under the ADA with only speculative intent to revisit and no real or immediate threat of future injury.) Even status as a "tester" does not establish subject matter jurisdiction without the proper showing of particularized injury in fact. "The fact that 'tester standing' exists under Title III [of the ADA] does not displace the general requirements of standing." *Colo. Cross-Disability Coalition v. Abercrombie & Fitch, Co*, 765 F.3d 1205, 1211 (10th Cir. 2014); *see also, Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 656 (4th Cir. 2019) (Plaintiff lacked standing to bring an ADA claim concerning a federal credit union website based upon his status as a tester).

Plaintiff has not alleged a concrete harm caused by Defendant Josand Enterprises, LLC. Not only is Plaintiff's intention to revisit the various third-party websites insufficient to show a

6

particularized injury in fact, that intention also fails to establish a concrete injury in fact. An intangible injury may satisfy the concreteness requirement, however, the mere allegation of a statutory violation will not suffice to confer standing. As the Supreme Court has aptly described:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III. *See, Summers*, 555 U.S., at 496, 129 S. Ct. 1142, 173 L. Ed. 2d 1 ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing"); see also *Lujan, supra*, at 572, 112 S. Ct. 2130, 119 L. Ed. 2d 351.

*Spokeo*, 136 S. Ct. at 1549.

Information provided on third-party websites may indicate a procedural violation but does not establish a concrete harm to Plaintiff. Plaintiff has not demonstrated that she has been or will be harmed by this information because she only speculates that she may or may not visit the Property in Pagosa Springs. "Information about a hotel's available rooms does not help those who (like Laufer) have no interest in booking a room." *Laufer v. Arpan, LLC*, 1:19-cv-200-AW-GRJ (N.Dist.Fl. September 25, 2020), Order Denying Motion for Summary Judgment and Dismissing Case for Lack of Jurisdiction, attached as **Exhibit B.**

The United States District Court for the Northern District of Florida, accurately describes its reasoning in dismissing one of the hundreds of similar lawsuits brought by this very plaintiff Deborah Laufer for lack of standing as follows:

> Laufer cannot show she suffers the harm the ADA was designed to guard against. The substantive Title III right at issue is the right "to be free from disability discrimination in the enjoyment of the facility." The regulation requiring hotels to include certain information on their websites – 28 C.F.R. §36.302(e)(1) – is specifically tied to 42 U.S.C. §12182, which prevents discrimination in the enjoyment of a facility. There is no standalone right to have certain information on a website.

7

*Laufer v. Arpan, LLC*, 1:19-cv-200-AW-GRJ (N.Dist.Fl. September 25, 2020)(citations omitted), Order Denying Motion for Summary Judgment and Dismissing Case for Lack of Jurisdiction, attached as **Exhibit B**; *see also*, *Laufer v. Naranda Hotels, LLC*, SAG-20-2136 (D.Mar. December 16, 2020), attached as **Exhibit A.**

Plaintiff in this case seeks prospective injunctive relief, and therefore must demonstrate "a continuing injury or be under a real and immediate threat of being injured in the future." *Tandy*, 380 F.3d at 1283. "A plaintiff must show she 'sustained or is immediately in danger of sustaining some direct injury as the result of the challenged … conduct and that the injury or threat of injury must be both real and immediate.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citations omitted).

A claimant must demonstrate a "concrete, present plan" to visit the subject property to demonstrate a real and immediate threat of being injured in the future. *Colo. Cross-Disability Coalition*, 765 F.3d at 1212 (Standing to sue found where plaintiff testified that she would likely revisit the Hollister store six times per year establishing a concrete, present plan to return); *see also*, *Garcia v. Family Dollar Stores of Colo., Inc.*, 2017 U.S. Dist. LEXIS 131424 (D.Colo. 2017) (No standing where plaintiff did not have a concrete present plan to return to dollar store). In ¶12 of her Complaint, Plaintiff does not allege a "concrete, present plan" to ever visit the Property in Pagosa Springs Colorado, or to revisit the third-party websites not controlled by this Defendant to actually reserve a room at the Property in Pagosa Springs, Colorado. Speculative, "someday intentions" do not support standing. *Tandy*, 380 F.3d at 1284.

Plaintiff has failed to demonstrate that she has suffered an "injury in fact" and therefore lacks standing to bring this lawsuit.

**(2)**     **Plaintiff has not alleged a causal connection between the injury and the conduct complained of.**

The ability to browse the internet with the same information available to the general public on third-party websites does not create a claim of discrimination. Plaintiff must demonstrate that she suffered an injury caused by the conduct of the Defendant that the ADA was designed to guard against. *Lujan*, 504 U.S. at 560-61. Here, Plaintiff complains that the third-party websites such as www.expedia.com and www.hotels.com, omitted information about the handicap accessibility of the rooms at the Property. However, Plaintiff has not asserted that this information would actually be useful to her, because she has no concrete plans to reserve lodging there or visit Colorado from Florida.

Plaintiff has not even alleged that the physical aspects of the hotel at the Property violate any provisions of the ADA or CADA. Plaintiff's sole complaint of discrimination is based upon the information provided online by third-party travel booking websites. Defendant Josand Enterprises, LLC does not control or operate these websites and Plaintiff admits in ¶10 of her Complaint that the websites may be controlled and operated by third-parties. Plaintiff has not made specific allegations of conduct or actions of Defendant Josand Enterprises, LLC that have caused her harm. In ¶10 of her Complaint, plaintiff alleges:

> 10. Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains an online reservations system (hereinafter "ORS") for the Property. The purpose of this ORS is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, the ORS is subject to the requirements of 28 C.F.R. Section 36.302(e).

To satisfy the second element of standing "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560-61. Here, Plaintiff has not sued expedia or the other entities that operate and control the various travel booking websites where the alleged misinformation

about the Property were located. Plaintiff has not specified any actual action of the Defendant Josand Enterprises, LLC that violated the ADA. On this fundamental element alone, Plaintiff's claim fails.

Plaintiff has failed to demonstrate a causal connection between the injury and the conduct complained of and therefore lacks standing to bring this lawsuit.

### (3) Plaintiff has not demonstrated that it is likely that her injury will be redressed by a favorable decision.

The third element of standing requires a showing that "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'." *Lujan*, 504 U.S. at 560-61 "To demonstrate redressability, a party must show that a favorable court judgment is likely to relieve the party's injury." *City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251, 1264 (10th Cir. 2011). "The plaintiff must show that a favorable judgment will relieve a discrete injury, although it need not relieve his or her every injury." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1158 (10th Cir. 2005).

Defendant Josand Enterprises, LLC does not control or operate the third-party travel booking websites. Therefore, any requested injunctive relief against Defendant Josand Enterprises, LLC will not redress the alleged injury of humiliation to Plaintiff in even a speculative sense. An injunction against Defendant Josand Enterprises, LLC will not change the content of a website it does not author. Plaintiff seeks monetary damages as well, however without any allegations of an "injury in fact", as discussed supra. It is clear that Plaintiff has filed hundreds of these lawsuits in an effort to shakedown settlements from numerous hotel owners. This type of harassing litigation lacks the fundamental elements of standing because the Plaintiff has not actually suffered any harm from this Defendant, or any of the other hundreds of hotel owners she has sued.

Plaintiff has failed to demonstrate that it is likely that her injury will be redressed by a favorable decision and therefore lacks standing to bring this lawsuit.

**B.      The Complaint fails to state a claim upon which relief can be granted because Defendant Josand Enterprises, LLC does not control or operate the third-party websites.**

A fundamental aspect of a claim is naming the proper defendant. Here, Plaintiff alleges that certain information was missing from the third-party travel booking websites: www.expedia.com, www.hotels.com, www.bookings.com, www.cheaptickets.com, www.travelocity.com, and www.hotelbookety.com. Plaintiff fails to allege what actions or inactions Defendant Josand Enterprises, LLC undertook to cause this missing information. In determining the sufficiency of a complaint, the Court must not look beyond the four corners of the complaint and accept as true all well-pleaded allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). However, a Court need not accept conclusory allegations as true. *Southern Disposal v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). A complaint will be dismissed if it fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009).

The Supreme Court describes the pleading standard a Plaintiff must satisfy to survive a motion to dismiss:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft*, 129 S.Ct. at 1949.

Plaintiff has failed to state a claim for relief that is plausible on its face against Defendant Josand Enterprises, LLC because Defendant does not own, control or operate the various websites where Plaintiff allegedly suffered a stigma injury. Plaintiff has not established that Defendant Josand

Enterprises, LLC is in any way responsible for the content of these third-party websites. *See*, Dkt. 1, ¶10 of Complaint.

Moreover, Plaintiff has failed to demonstrate how the regulation, 28 C.F.R. §36.302(e)(1) confers a right to certain information on a website. "The regulation requiring hotels to include certain information on their websites – 28 C.F.R. §36.302(e)(1) – is specifically tied to 42 U.S.C. §12182, which prevents discrimination in the enjoyment of a facility. There is no standalone right to have certain information on a website." *Laufer v. Arpan, LLC*, 1:19-cv-200-AW-GRJ (N.Dist.Fl. September 25, 2020)(citations omitted), Order Denying Motion for Summary Judgment and Dismissing Case for Lack of Jurisdiction, attached as **Exhibit B.**

For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted and this Complaint should be dismissed.

## V.     CONCLUSION

Plaintiff has failed to demonstrate any of the three elements necessary for standing to bring this lawsuit. Plaintiff has failed to demonstrate that she has suffered an "injury in fact", she has failed to demonstrate a causal connection between the injury and the Defendant's conduct complained of and she has failed demonstrate that it is likely that her injury will be redressed by a favorable decision. Plaintiff lacks standing to bring this lawsuit. Plaintiff has also failed to state a claim upon which relief can be granted because the subject websites are not owned, controlled or operated by this Defendant. This Complaint should be dismissed.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice, and for any other relief as the Court deems proper.

Dated this 5th of January, 2021.

                    *s/ Julia L. Morgenthau*
                    **Julia L. Morgenthau**
                    RUEBEL & QUILLEN, LLC
                    8461 Turnpike Drive, Suite 206
                    Westminster, CO 80031
                    Telephone: (888) 989-1777
                    Facsimile: (303) 362-5724
                    Email: *julia@rq-law.com*
                    *Attorneys for Defendant JOSAND ENTERPRISES LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 5th day of January, 2021, a true and correct copy of the foregoing MOTION TO DISMISS was served via ECF on the following:

Suzette M. Marteny Moore
S. Moore Law, PLLC
2690 S. Combee Road
Lakeland, Florida 33803
*Attorneys for Plaintiff*

                    */s/ Susan Pensiero*
                    Susan Pensiero, *Paralegal for Defendant JOSAND ENTERPRISES LLC*