IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03193-NRN

DEBORAH LAUFER, an individual,

Plaintiff,

v.

JOSAND ENTERPRISES LLC,

Defendant.

**ORDER**
**GRANTING MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL (Dkt. #24)**
**and**
**ADMINISTRATIVELY CLOSING CASE**

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court upon the Parties' consent to magistrate judge

jurisdiction for all purposes (Dkt. #13) and an Order of Reference issued on December

28, 2020 by Chief Judge Philip A. Brimmer pursuant to 28 U.S.C. § 636. Dkt. #14. Now

before the Court is Plaintiff's Motion to Stay Proceedings Pending Appeal. Dkt. #24. The

Motion will be **GRANTED**.

Plaintiff requests that the case be stayed pending disposition by the Tenth Circuit

in the matter of *Laufer v. Looper, et al.*, Case. No. 21-1031 (Dist/Ag docket: 1:20-CV-

02475-NYW). According to Plaintiff, the issue on appeal in that case is the same as that

raised by Defendant in its Motion to Dismiss in this case (Dkt. #23), namely:

> whether a court may impose a requirement of physical nexus or intent to
> book for a disabled plaintiff to have suffered injury when they review a
> hotel's discriminatory online reservations system, or whether the
> deprivation of information mandated by statute constitutes a full injury in
> fact—with nothing additional required.

Dkt. #24 at 1. Plaintiff notes that district courts around the country are divided on this issue. *Id.* Defendant's counsel does not oppose a stay.

Local Rule of Practice 41.2, D.C.COLO.LCivR, allows the administrative closure of cases subject to reopening:

> A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any motion.

The Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987). In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as follows:

> Administrative closings comprise a familiar, albeit essential ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.

*Id.* at 392 (internal citations and quotation marks omitted). The First Circuit further explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id.*

"Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quotation marks and citation omitted).

This Court also routinely administratively closes cases pursuant to D.C.COLO.LCivR 41.2 when a case would otherwise be stayed for an indefinite period of time. *See, e.g., Morgan's Run Homeowners Ass'n, Inc. v. Ace Am. Ins. Co.,* No. 17-CV-2884-WJM-NYW, 2018 WL 4368672, at *1 (D. Colo. Aug. 1, 2018) (administratively closing case pending resolution of related state court action); *Atkins v. HCA-HealthONE, LLC*, No. 15-cv-000374-WYD-KLM, 2015 WL 1298507 at *1 (D. Colo. March 19, 2015) (administratively closing case while plaintiff pursued second EEOC claim); *Mauchlin v. Zhon*, No. 12-cv-01449-RM-BNB, 2015 WL 479042, at *1 (D. Colo. Feb. 3, 2015) (administratively closing case "subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed"); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (administratively closing case "to be reopened only if the U.S. District Court for the District of Puerto Rico refers a related enforcement matter to this Court"); *Workalemahu v. Heritage Club*, No. 14-cv-02396-RM-MEH, 2015 WL 293261, at *1 (D. Colo. Jan. 21, 2015) (administratively closing case pending arbitration). In this case, it is unclear when the Tenth Circuit will issue an opinion in the *Laufer v. Looper* matter.

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Stay Proceedings Pending Appeal (Dkt. #24) is GRANTED and this case is ADMINISTRATIVELY CLOSED subject to reopening for good cause, including but not limited to the final resolution by the Tenth Circuit Court in the appeal of *Laufer v. Looper, et al.*, Case No. 21-1031.

Date: February 2, 2021

_____
N. Reid Neureiter
United States Magistrate Judge